**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LOUIS REED,**

      **Petitioner,**

**vs.**

                                  **CASE NO. 4:09cv383-SPM/WCS**

**KENNETH S. TUCKER, Secretary,
Florida Department of Corrections,[1]**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

      This is a petition for writ of habeas corpus filed by Louis Reed pursuant to 28

U.S.C. § 2254.  Doc. 1.  Petitioner challenges his conviction for attempted second

degree murder, case number 2005 CF 245, in the Circuit Court of the Second Judicial

_____

      [1] On August 24, 2011, Kenneth S. Tucker succeeded Edwin G. Buss as the
Secretary of the Florida Department of Corrections, and is automatically substituted as
Respondent.  Fed.R.Civ.P. 25(d).

Circuit, in and for Gadsden County, Florida.  *Id.*  Respondent filed an answer and the record  in paper form.  Doc. 16.  References herein to exhibits are to the record in paper form.  Petitioner filed a traverse.  Doc. 18.  Respondent agrees that the petition was timely filed.  Doc. 16, p. 5.

**Section 2254 Standard of Review**

The court may grant federal habeas corpus relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A state prisoner must first present all federal claims in state court.  § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). He "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845, 119 S.Ct. at 1732; Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (applying this "one complete round" requirement to the state collateral review process as well as direct appeal).

If a claim is not properly presented in state court and procedurally barred from further state court review, a petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

For a claim which has been properly exhausted and adjudicated on the merits in state court, review is limited. The state court's determination of a factual issue is presumed correct, unless the petitioner can rebut the presumption by clear and convincing evidence. § 2254(e)(1). If the petitioner failed to develop the factual basis for a claim in state court, an evidentiary hearing in § 2254 proceedings is limited by § 2254(e)(2). *See also* <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that review under § 2254(d)(1), addressed ahead, "is limited to the record that was before the state court that adjudicated the claim on the merits," so the federal court may not rely on new evidence developed in the § 2254 proceedings).[2]

Further, the petitioner must show that the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).

Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions.  Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court.  28 U.S.C. § 2254(b). If the state court rejects the claim on procedural grounds, the claim is barred in federal court unless one of the exceptions to the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 82–84, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977),

---

[2] <u>Cullen</u> did not address whether a district court could choose to hold a hearing under § 2254(e)(2) to determine whether § 2254(d)(2) was satisfied.  131 S.Ct. at 1401, n. 8 and 1411, n. 20.

applies.[3]  And if the state court denies the claim on the merits, the claim
is barred in federal court unless one of the exceptions to § 2254(d) set out
in § § 2254(d)(1) and (2) applies.  Section 2254(d) thus complements the
exhaustion requirement and the doctrine of procedural bar to ensure that
state proceedings are the central process, not just a preliminary step for a
later federal habeas proceeding, *see id.*, at 90, 97 S.Ct. 2497.

Harrington v. Richter, 562 U.S. __, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011).  If the

state court issues an opinion, it need not cite or even be aware of controlling Supreme

Court cases under § 2254(d).  *Id.*, 131 S.Ct. at 784 (citation omitted).  Further,

> [w]here a state court's decision is unaccompanied by an explanation, the
> habeas petitioner's burden still must be met by showing there was no
> reasonable basis for the state court to deny relief.  This is so whether or
> not the state court reveals which of the elements in a multipart claim it
> found insufficient, for § 2254(d) applies when a "claim" not a component of
> one, has been adjudicated.

*Id.*

For an ineffectiveness of counsel claim, the "clearly established" standard is set

forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Under Strickland, "[a] convicted defendant making a claim of ineffective assistance of

counsel must identify the acts or omissions of counsel that are alleged not to have been

the result of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  In

determining whether counsel gave adequate assistance, "counsel is strongly presumed

to have rendered adequate assistance and made all significant decisions in the exercise

of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  Petitioner

has a heavy burden, as he must show that "no competent counsel would have taken the

---

[3] To excuse a procedural default, as noted in Wainwright and the cases cited
*supra*, a petitioner must demonstrate either cause and prejudice or actual, factual
innocence.

action that his counsel did take." Fugate, 261 F.3d at 1217 (citation omitted).  There are no rigid requirements or absolute duty to investigate a particular line of defense, and "more is not always better." *Id.* (citations omitted).

Even if deficient performance is demonstrated, a petitioner must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694, 104 S.Ct. at 2068.  It must be "reasonably likely" the result would have been different; "[t]he likelihood of a different result must be substantial, not just conceivable."  Harrington, 131 S.Ct. at 793 (citations omitted).

While Strickland explained the performance and prejudice prongs of analysis, the court need not address them in that order or even address both, as failure to demonstrate either step of Strickland is dispositive of the claim against the petitioner. 466 U.S. at 697, 104 S.Ct. at 2069.

The Strickland standard itself is hard to satisfy, but:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) *is all the more difficult.*  The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  *The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.*

Harrington, 131 S.Ct. at 788 (citations omitted, emphasis added).

**Legal analysis**

**Grounds one and three**

In ground one, Petitioner contends that the trial court erred by not permitting a jury instruction on self defense.  Doc. 1, p. 4.  Respondent argues that while this claim was raised at trial (Ex. B, pp. 187-206) and on direct appeal (see Ex. F, initial brief on appeal), it was presented only as a state law claim and, therefore, any federal claim is procedurally defaulted.  Doc. 16, pp. 7-12.

Petitioner agrees that the claim presented in state court was only a state law claim, and not a federal claim.[4]  Doc. 18, p. 2.  There was no claim presented to the state court that his trial was fundamentally unfair for lack of a self defense instruction.  Thus, Petitioner must show cause and prejudice for this procedural default of the federal claim.  Petitioner argues that the cause for his procedural default was ineffective assistance of trial and appellate counsel.  Doc. 18, p. 2.

In ground three, Petitioner contends that the trial court erred by denying his right to make the final argument as to his theory of self defense.  Doc. 1, p. 5.  He contends that this denied his right to assistance of counsel.  *Id*.  Presumably he means trial counsel, but he had trial counsel.  He asserts that he raised this claim in his petition for

---

[4] This is correct.  "A defective jury charge raises an issue of constitutional dimension only if it renders the entire trial fundamentally unfair."  Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983).  "Where the claim is merely that a jury instruction was incorrect under state law, federal habeas relief is not available."  Applewhite v. Secretary, DOC, 373 Fed.Appx. 969, 972 (11th Cir. 2010) (not selected for publication in the Federal Reporter, No. 09-13363), *cert. denied*, 131 S.Ct. 325 (2010) (citing Estelle v. McGuire, 502 U.S. 62, 71-72, 112 S.Ct. 475, 481-82, 116 L.Ed.2d 385 (1991)).

writ of habeas corpus claiming ineffectiveness of appellate counsel.[5]  *Id.*  Respondent argues that while the claim raised in the state petition for writ of habeas corpus was denial of effective assistance of appellate counsel, the claim raised *in this court* is state trial court error, and thus not the same the same claim.  Doc. 16, p. 20.  Thus, Respondent argues that state court remedies as to the trial error claim presented to this court have not been exhausted.  *Id.*, pp. 20-22.

I decline this invitation to enter the procedural default labyrinth as to these two claims.  A § 2254 petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  § 2254(b)(2).

At trial, Petitioner's attorney asked the court to instruct the jury on the defense of justifiable use of deadly force.  Ex. B, pp. 195-196.  Despite argument from Petitioner's attorney, the trial court held that there were no overt acts by Scott (the victim) immediately before Petitioner's assaulted him, and thus no evidence that the victim was "doing anything" to justify use of deadly force in self defense.  *Id.*, pp. 196-197, 199.  The court said: "You don't get a defense unless you put on evidence of it."  *Id.*, p. 200.  The prosecutor moved to preclude Petitioner from arguing self defense in closing, and the court agreed.  *Id.*, pp. 200-201.

_____

[5] In the petition for writ of habeas corpus claiming ineffective assistance of appellate counsel, Petitioner argued that appellate counsel was ineffective for failing to claim that the trial court abused its discretion by precluding Petitioner's attorney from arguing self defense in closing.  Ex. P, p. 5.  It was further asserted that the trial court's refusal to let counsel argue self defense in closing denied Petitioner the right to assistance of trial counsel.  *Id.*  Cited for this were pages 200 to 201 of the trial transcript.  *Id.*  Petitioner recognized, however, that the trial court had refused to give an instruction on self defense.  *Id.*, p. 6.

In Petitioner's amended Rule 3.850 motion, Petitioner claimed that his trial counsel was ineffective for failing to investigate and present evidence which would have entitled him to a self-defense instruction under state law.  Ex. L, p. 8 (ground eight) and attached memorandum, pp. 41-45.  In denying the claim, the Rule 3.850 court reasoned:

> . . . Defendant misperceives the fatal flaw in his self defense claim of using deadly force.  That is, after Scott tapped him with a balled fist, he walked away, talked to his two friends, telling them to stay out of it, and returned to fight Scott.  He then proceeded to use deadly force in the beating with his fists and feet.  Assuming Defendant believed Scott was crazy, that Scott permanently injured Defendant the year before in an attack with threats to kill, that Scott violated an injunction by tapping Defendant on the shoulder, and that this was done in the threatening manner of a balled fist, saying "do ya remember me nigga", this still did not justify the use of deadly force as self defense as a matter of law.  This was ruled on by the trial court, preserved for appeal, and could have been raised on direct appeal.  Defendant, by his own testimony, walked 6 feet away to talk to his friends, and returned to fight.  (Tr. 168-169, 182-184, 202-204).  Defense counsel was not ineffective.

Ex. O, p. 3.

Even if I had a properly exhausted ineffective assistance of trial counsel claim before me, and I do not,[6] Petitioner has presented nothing to show that his attorney could have done anything differently to obtain a jury instruction on self defense, which

---

[6] Petitioner did not appeal the denial of this claim of ineffective assistance of trial counsel.  Doc. 1, p. 3.  The "one complete round" exhaustion requirement set forth in O'Sullivan v. Boerckel, *supra*, page two, applies to post-conviction review as well, and a prisoner must appeal the denial of post-conviction relief in order to properly exhaust state remedies.  Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir.1979) ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial."); LeCroy v. Secretary, Florida Dept. of Corrections, 421 F.3d 1237, 1261 (11th Cir.2005), cert. denied, 546 U.S. 1219, 126 S.Ct. 1458, 164 L.Ed.2d 140 (2006) (as Florida prisoner failed to properly exhaust claim on direct appeal or Rule 3.850 appeal, it was procedurally barred, citing Coleman).

would have resulted in permission to make that argument in closing.  Grounds one and three are without merit.

**Ground two**

Petitioner contends that the trial court erred in refusing to allow him to testify as to the reputation of the victim.  Doc. 1, p. 4.  He contends that this claim was presented in state court on appeal.  *Id.*, p. 5.

An error of state law in the admission or exclusion of evidence is not, standing alone, a violation of due process.  Thigpen v. Thigpen, 926 F.2d 1003, 1011 (11th Cir. 1991).  "[I]f a state trial judge erroneously admitted evidence in violation of a state law and the error made the petitioner's trial so fundamentally unfair that the conviction was obtained in violation of the due process clause of the fourteenth amendment," habeas relief is available.  *Id.*, 926 F.2d at 1012.  "An erroneous evidentiary ruling creates such fundamental unfairness when the wrongfully admitted evidence is 'material in the sense of a crucial, critical, highly significant factor.' "  *Id.  See also* Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998).

Petitioner acknowledges that the claim presented on direct appeal was only a state law claim.  Doc. 18, p. 6.  Indeed, his trial counsel only argued state evidence law.  Ex. B, pp. 171-180.

Petitioner again argues that the cause for his default was ineffectiveness of counsel.  Doc. 18, pp. 6-7.  In his Rule 3.850 motion, Petitioner did not claim that his trial counsel or his appellate counsel was ineffective for failing to argue that exclusion of his testimony as to the reputation of the victim for violence was a denial of federal due

process.  Exs. L, P.  The claims of ineffectiveness are defaulted, and cannot constitute

cause for default for failure to raise the underlying due process claim in state court.  The

court cannot reach the merits of ground two.

**Ground four**

Petitioner argues that the trial court erred for failure to read the introduction to the

homicide jury instruction 6.1.  Doc. 1, p. 5.  He asserts that he presented this claim in

his state habeas petition.  *Id.*

Respondent acknowledges that Petitioner raised the gist of this claim as the

basis for an ineffective assistance of appellate counsel, for failure to raise it on direct

appeal, but argues that the claim presented *to this court* is not the same claim.  Doc. 16,

p. 24.  Respondent argues procedural default as to the claim before this court.  *Id.*, p.

25.

The claim of ineffective assistance of appellate counsel is plainly exhausted,

however.  It was properly raised and the state appellate court rejected the claim without

opinion.[7]  Ex. Q.  If Petitioner had ineffective assistance of appellate counsel for failing

to raise the claim on direct appeal, that would be cause for the procedural default.

To show ineffective assistance of appellate counsel, Petitioner had to show that

he had a viable claim for appeal.  In his habeas petition, Petitioner contended that the

failure of the trial court to read the introduction to the attempted homicide jury instruction

6.1 was fundamental error, and that his appellate counsel was ineffective for failing to

---

[7] Appellate counsel did argue on direct appeal that the trial court erred by failing
to instruct on self defense, but counsel did not argue that the trial court erred by failing
to read the introduction to instruction 6.1 for attempted homicide.  Ex. F, pp. 12-16.

raise this claim of fundamental error on direct appeal.  Ex. P, pp. 3-4.  The current

version of the introduction to Florida Standard Jury Instructions in Criminal Cases, 6.1,

provides:

### 6.1 INTRODUCTION TO ATTEMPTED HOMICIDE

*Read in all attempted murder and attempted manslaughter cases.*  **In this case** (defendant) **is accused of** (crime charged).

*Give degrees as applicable.*

**Attempted murder in the first degree includes the lesser crimes of attempted murder in the second degree, attempted murder in the third degree, and attempted voluntary manslaughter, all of which are unlawful.**

[Editor's Note: This instruction has not been amended since its adoption in 1994. In 1995, the supreme court ruled that the crime of attempted third degree murder does not exist. See 6.5.]

**An attempted killing that is excusable or was committed by the use of justifiable deadly force is lawful.**

**If you find that there was an attempted killing of** (victim) **by** (defendant), **you will then consider the circumstances surrounding the attempted killing in deciding if it was attempted first degree murder, or attempted second degree murder, or attempted third degree murder, or attempted voluntary manslaughter, or whether the attempted killing was excusable or resulted from justifiable use of deadly force.**

Florida Standard Jury Instructions in Criminal Cases, 6.1.  Following this introduction is

an instruction on justifiable attempted homicide and excusable attempted homicide.

This instruction is to be applied when the defendant is charged with both

attempted murder and attempted manslaughter:

The general rule in homicide trials *where manslaughter appears on the verdict form either as a charged or lesser offense* is that the jury must be instructed on the definitions of justifiable and excusable homicide.  *See*

> *State v. Lucas*, 645 So. 2d 425 (Fla. 1994).  The instructions must be
> given *because manslaughter is a residual offense that can only be fully
> defined  by exclusion of the properly explained defenses of excusable and
> justifiable homicide.  See id.*

<u>Pena v. State</u>, 901 So. 2d 781, 786-787 (Fla. 2005) (emphasis added).

In the jury instructions, the trial court instructed the jury as to the elements of attempted first degree murder, attempted second degree murder, aggravated battery, and battery, and the verdict form included those offenses only.  Ex. B, pp. 227-230, 236-237.  Manslaughter was not one of the offenses placed before the jury in Petitioner's case.  Thus, pursuant to state law, the trial court was correct in not giving the introduction to instruction 6.1.

Further, if there were state error, and there was not, it was subject to harmless error because manslaughter in this case would have been two or more degrees below the offense charged, attempted first degree murder:

> We have held . . . that if the trial court errs in failing to give a proper
> instruction on a lesser offense, and the lesser offense is more than two
> steps removed from the offense for which the defendant is convicted, then
> the error is subject to a harmless error analysis.  *See Rojas v. State*, 552
> So. 2d 914, 916 n. 1 (Fla.1989) (citing *State v. Abreu*, 363 So.2d 1063
> (Fla.1978)).  As this Court explained in *Abreu*, the significance of the
> two-steps-removed requirement is more than merely a matter of number
> or degree.  A jury must be given a fair opportunity to exercise its inherent
> "pardon" power by returning a verdict of guilty as to the next lower crime.
> If the jury is not properly instructed on the next lower crime, then it is
> impossible to determine whether, having been properly instructed, it would
> have found the defendant guilty of the next lesser offense.  However,
> when the trial court fails to properly instruct on a crime two or more
> degrees removed from the crime for which the defendant is convicted, the
> error is not per se reversible, but instead is subject to a harmless error
> analysis.

Pena v. State, 901 So. 2d at 787.  Even had there been error (and there was not), it would have been harmless because there was no evidence at all of justifiable or excusable attempted homicide as defined by Florida law.

Thus, following the convolutions of procedural default analysis, Petitioner has not shown error of the trial court and cannot show ineffective assistance of appellate counsel (for failing to raise the claim on appeal) to excuse his procedural default. Ground four affords no relief.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

**Conclusion**

Accordingly, it is **RECOMMENDED** that petition for writ of habeas corpus filed by Louis Reed pursuant to 28 U.S.C. § 2254, challenging  his conviction for attempted second degree murder, case number 2005 CF 245, in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, be **DENIED WITH PREJUDICE**, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 27, 2011.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**